# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO.: 1:15-cv-00288-MR

| | | |
|---|---|---|
| **THE BILTMORE COMPANY**, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **CONSENT PROTECTIVE ORDER** |
| **NU U, INC.; TOP 10 PROM, LLC** d/b/a Merle Norman of Asheville, NC and Top 10 Prom; and top10, LLC d/b/a Merle Norman of Asheville, NC and Top 10 Prom, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the parties' Joint Motion for Entry of Consent Protective Order. [Doc. 31].

Upon reviewing the parties' Motion, it appears that discovery and the trial in this action may involve the production and disclosure of confidential, proprietary, or sensitive information that requires protection against unrestricted disclosure or use. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, **IT IS HEREBY STIPULATED, AGREED, and ORDERED** that the following confidentiality provisions will govern all information and documents disclosed through discovery in this action:

1. Certain information and documents to be produced by Plaintiff and Defendant during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that should be considered confidential and protected from unreasonable disclosure pursuant to Rule 26(c).

2. Information and documents to be considered confidential and disclosed only in accordance with the terms of this Consent Protective Order (the "Order") includes, without limitation, all documents or information, whether in hard copy or electronic form, designated in accordance with the terms of this Order and supplied in response to the demands or requests of either party, formal or informal, regardless of whether such information is produced or disclosed by a party, an affiliated person or entity, or a formerly affiliated person or entity.

3. All information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with the terms of this Order and disclosed in discovery in this action must be used solely for the purposes of prosecuting or defending this litigation and must not be used for any other purpose.

4. "Discovery Material" means and includes any document (whether in hard copy or electronic form), thing, deposition testimony, interrogatory

answer, response to requests for admissions and/or production, or other information provided in discovery in this action. Any party may, in good faith, designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Discovery Material designated "CONFIDENTIAL" must contain personal or business-related proprietary information. Certain limited types of "CONFIDENTIAL" information may be alternatively designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." The "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation is reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations of Discovery Material. "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, as used in this Order, refers to any information so designated.

5. All information designated "CONFIDENTIAL" must be maintained in confidence by the parties to whom such information is produced or given, must be used solely for the purposes of this litigation, and cannot be disclosed to any person or entity except:

(a) The Court (including court reporters, stenographic reporters and videographers, and court personnel);

(b) Subject to the terms of Paragraph 14 below, the attorneys of record, their partners, employees, contractors, and associates of outside counsel (collectively hereafter referred to as "Outside Counsel");

(c) Officers or employees of Plaintiff in this action, and officers and employees of Defendant in this action; provided, that such officers or employees receive such "CONFIDENTIAL" information solely on a "need to know" basis for the purposes of prosecuting or defending this litigation and for no other purposes. All CONFIDENTIAL information provided to officers and employees must be returned or destroyed by such officers and employees upon resolution of this action;

(d) Subject to the terms of Paragraph 14 below, experts and their staff and litigation support personnel and their staff retained by Outside Counsel in this litigation; and

(e) Any other person approved by the producing party in writing prior to such disclosure.

6. All information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" must be maintained in confidence for use by the attorneys of the parties, can only be used for the purposes of this

litigation, and cannot be disclosed to any person except those listed in subparagraphs (a), (b), and (e) of paragraph 5 above.

7. Nothing in the Order will be taken as assent by a non-producing party that designated information is in fact "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or is entitled to protection under Rule 26(c). If counsel for the non-producing party believes that a confidentiality designation is inappropriate or unjustified, counsel for the nonproducing party will notify counsel for the producing party of its belief that the information should not be so designated or should be disclosed to persons other than those allowed by this Order. A party is not obligated to challenge the propriety of a designation at the time of production and failure to do so will not preclude a subsequent challenge thereto. Such challenges must be made in writing, served on counsel for the producing party, and identify with particularity the documents or information with which the non-producing party objects to designation. The parties must use their best efforts to promptly and informally resolve such disputes. If the parties do not reach agreement on the correct designation for the information within twenty (20) business days of service of the non-producing party's challenge, the non-producing party may file a motion with the Court setting forth the non-producing party's reasons for why the designation should be changed.

Unless and until the Court issues a ruling that the information may be disclosed to persons other than those authorized by this Order, the contested designation will remain in place and treated consistently with the terms of this Order.

8. Information that is presumptively HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY includes: information concerning previously nonpublicly known future product designs, current and future business plans, unpublished and pending patent applications; the identities and addresses of a company's current or former customers; and other HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY commercial information.

9. Nothing in this Order precludes any party from applying to this Court for relief from any provision hereof, or from asserting that certain discovery materials should receive greater confidentiality protection than provided herein, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

10. The designation of documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" will not be effective unless a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" notice or the equivalent is placed or affixed on such document. Where practicable, such notice must be placed near the document's Bates number. In the case of computer, audiovisual, or other electronic or magnetic medium,

such notice must be placed on the medium and its protective cover, if any. Testimony given at a deposition or hearing may be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with the provisions of Paragraph 15 of this Order. Any designation that is inadvertently omitted from a document or testimony may be corrected by written notification to opposing counsel, but any disclosure of the non-designated document prior to such notification is not a violation of this Order.

11. All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information must be maintained under the control of Outside Counsel, who are responsible for preventing any disclosure thereof except in accordance with the terms of this Order.

12. Before filing any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" with the Court, or any pleadings, motions or other papers that disclose any such information, counsel must confer with counsel for the producing party about how such information should be filed. If the producing party desires that the materials be filed under seal, then the filing party must file the materials under seal, with notice served upon the producing party. The filing of the materials under seal is not binding on the Court. Within ten

(10) days of service of such notice, the party desiring that the materials be maintained under seal must file a Motion to Seal with the Court along with a supporting memorandum of law specifying the interests which would be served by restricting public access to the information. The party that filed the materials is not obligated to file a Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will only grant the Motion to Seal after: providing adequate notice to the public and opportunity for interested parties to object, carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access that may attach to the information. Documents submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed.

13. Information produced by non-parties during the course of this action may be designated under this Order by such non-party or by a party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Information so designated and produced by third parties must be treated by the parties in the same manner as if produced with such

designation by a party. A producing non-party has all the rights of a producing party with respect to protection of information under the terms of this Order. The provisions of this Order for challenging the designation by a party are applicable to challenges to designations by non-parties.

14. Prior to the disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any third party, including persons employed to act as outside consultants or experts, translators, or interpreters in this action, subject to subparagraphs 14(b–e), counsel for the party seeking disclosure must require such persons to read this Order and execute a Nondisclosure Agreement in the form attached hereto as Exhibit A, the original of which must be promptly provided to opposing counsel and a copy thereof served on all other counsel. In addition, counsel for the party seeking disclosure must comply with the following:

(a) Ten (10) days prior to the disclosure of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to any third party, counsel for the party seeking disclosure must, subject to subparagraphs 14(b) – (e), provide opposing counsel and, if applicable, any non-party from which the material originated, the name, address, and present employer of such outside consultant or expert, translator, or interpreter. Opposing counsel and/or such non-party will then have a period

of ten (10) business days after receipt of such information to challenge the disclosure of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information. Such challenges must be served in writing on the party seeking to make such disclosure.

(b) Any challenge must be ruled on by the Court prior to the disclosure of such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

(c) Nothing in Paragraph 14 enlarges or restricts the right of any party to conduct discovery of any expert.

(d) Nothing in this Order requires: i) that routine outside suppliers of litigation support services such as photocopying, scanning, or coding execute the attached Nondisclosure Agreement; or ii) that the opposing party utilizing such services must disclose the identity of such service suppliers to the opposing party or counsel.

(e) Nothing in this Order requires that the identity of graphics preparation and presentation consultants, witness preparation consultants, jury consultants, or trial presentation consultants be disclosed to the opposing party or counsel. However, any party utilizing such services is required to have such proposed service provider conduct a conflict check and execute the attached Nondisclosure Agreement.

15. Nothing in this Order prevents or restricts any person from using or disclosing in any manner its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that it has produced or disclosed in this litigation.

16. Nothing in this Order prevents disclosure beyond the terms of this Order of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information if the parties to this action and, if applicable, the non-party from which the material originated, consent, or if the Court, on motion filed by the party seeking to make disclosure, orders that disclosure be made. Any party may request, after notice is given to the opposing party and, if applicable, any non-party from which the material originated, that the Court modify or grant relief from any provision of this Order or to place additional restrictions on the use of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information.

17. Nothing herein prohibits a party or its counsel from disclosing any document designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to the person the document identifies as an author or recipient of such document or to any person that has already viewed the document, been told of its contents, or previously had legal access to the document or information.

18. Information disclosed at a deposition may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by indicating on the record at the deposition that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and subject to the provisions of this Order. All such portions of the transcript will be appropriately marked by the court reporter and the parties must handle such transcripts consistently with the terms of this Order. Testimony in a deposition may also be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by notifying the deposing party in writing within twenty-one (21) days of the receipt of the transcript of those pages and lines or those exhibits that are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." No deposition may be read by anyone other than the deponent, the attorneys for the parties, and those qualified to see "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material under Paragraph 7 during the twenty-one (21) day period following a deposition unless otherwise agreed upon among the attorneys. Upon being informed that certain portions of a deposition disclose either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, each

party must cause each copy of the transcript in its custody or control to be marked immediately.

19. Violation by any person of any term of this Order or of the Nondisclosure Agreement may be punishable through the contempt powers of court. Any person or entity that produces "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information in response to a discovery request or subpoena in this action is intended to be a beneficiary of this Order and of the Nondisclosure Agreement and may pursue all remedies available for violation thereof. No provision of this Order requires any person or entity not a party to this action to respond to any discovery request or subpoena, except as may otherwise be required by law. Nothing in this Order prevents or prohibits any party or non-party from seeking such additional or further protection as it deems necessary to protect documents or information subject to discovery in this action.

20. Nothing herein and no action taken under this Order will constitute a waiver or admission that any specific document, material, testimony, or thing: (1) is relevant and subject to discovery; (2) is or is not a trade secret or confidential proprietary information; (3) constitutes or does not constitute confidential records; or (4) is or is not admissible in evidence at trial or at any

hearing. The production of any documents or information that the producing party claims to be privileged will be governed by the facts and applicable law.

21. Upon the final termination of this litigation, including any appeals, the parties have sixty (60) days within which they may petition the Clerk of Court to withdraw all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or any documents and things containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that have been electronically filed under seal with the Court. Any and all originals and copies of Discovery Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" will, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the producing party, destroyed in that time frame, except that Outside Counsel for each party may maintain in its files: one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or that include "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information. Upon receipt of any subpoena for such information, the party receiving the subpoena must immediately notify Outside Counsel for

the producing party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the producing party, the other party or its Outside Counsel must certify in writing that all such documents have been returned or destroyed. The parties should agree to reasonable extensions of time to complete the return of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information, if necessary.

22. The restrictions set forth in any of the preceding paragraphs of this Order do not apply to information that:

    (a) Was, is, or becomes public knowledge not in violation of this Order; or

    (b) Was lawfully possessed by the non-designating party prior to the date of this Order.

23. This Order will continue in full force and effect after the termination of this litigation, including all appeals, and the Court will retain jurisdiction necessary to enforce the terms of this Order. However, this Order is subject to revocation or modification by: order of the Court, upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for a hearing and presentation of evidence should the Court so decide.

24. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior to entry by the Court.

This the 14th day of April, 2016.

| | |
|---|---|
| /s/ Rebecca E. Crandall<br>Joseph P. McGuire<br>N.C. State Bar No. 6739<br>Rebecca E. Crandall<br>N.C. State Bar No. 32637<br>McGuire, Wood & Bissette, P.A.<br>P.O. Box 3180<br>Asheville, N.C. 28802<br>Telephone: (828) 254-8800<br>jmcguire@mwbavl.com<br>rcrandall@mwblawyers.com<br><br>*Attorneys for Defendants* | /s/ Anthony J. Biller<br>Anthony J. Biller<br>Coats & Bennett, PLLC<br>N.C. State Bar No. 24,117<br>1400 Crescent Green,<br>  Suite 300<br>Cary, North Carolina 27518<br>Telephone: (919) 854-1844<br>Facsimile: (919) 854-2084<br>abiller@coatsandbennett.com<br><br>Wyatt S. Stevens<br>N.C. State Bar No. 21056<br>John D. Noor<br>N.C. State Bar No. 43102<br>Roberts & Stevens, P.A.<br>One West Pack Square, Ste. 1100<br>P.O. Box 7647<br>Asheville, North Carolina 28802<br>Attorneys for Plaintiff<br>Telephone: (828) 258-6992<br>wstevens@roberts-stevens.com<br>jnoor@roberts-stevens.com<br><br>*Attorneys for Plaintiff*<br><br>OF COUNSEL:<br><br>J. Bennett Mullinax<br>J. Bennett Mullinax, LLC<br>P.O. Box 26029<br>Greenville, SC 29616-1029 |

**IT IS SO ORDERED**.

Signed: April 22, 2016

Martin Reidinger
United States District Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:15-cv-00288-MR

| | |
|---|---|
| **THE BILTMORE COMPANY, a** Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| **NU U, INC.; TOP 10 PROM, LLC** d/b/a Merle Norman of Asheville, NC and Top 10 Prom; and top10, LLC d/b/a Merle Norman of Asheville, NC and Top 10 Prom, | ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

## NONDISCLOSURE AGREEMENT UNDER
## CONSENT PROTECTIVE ORDER

The undersigned, having read the Consent Protective Order (the "Protective Order") entered in the above-captioned action, understands the terms thereof and, intending to be legally bound thereby, agrees as follows:

1. The information or document disclosed to the undersigned pursuant to the Protective Order must only be used in connection with the above-captioned action (the "Litigation") and cannot be used for any other purpose.

2. Such information and documents can only be disclosed to and discussed with the parties' Outside Counsel or other persons authorized pursuant to the terms of the Protective Order, who have, in accordance with the provisions of the Protective Order, executed a similar Nondisclosure Agreement. Such documents and information nor information acquired or extracted from such documents or information can be divulged or made accessible to any other person, company, firm, news organization, or any other person or entity whatsoever, except in compliance with the Protective Order and this Nondisclosure Agreement. This Nondisclosure Agreement does not limit the right of the signatory to testify at trial in this action or to prepare documents or other materials for submission at trial in this action.

3. The undersigned agrees to take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of documents or information covered by the Protective Order.

4. The undersigned further agrees to return all information and documents in his or her possession or control (including all abstracts, summaries, descriptions, lists, synopses, pleadings, or other writings reflecting or revealing such information) and covered by the Protective Order, to the attorney from whom he or she received such documents and information within thirty (30) days after the termination of this Litigation,

including all appeals, or within thirty (30) days after the undersigned is no longer associated with this Litigation, whichever comes first.

5. The undersigned acknowledges that a violation of the terms of the Protective Order may subject the undersigned and the undersigned's employer to sanctions, including, but not limited to, punishment for civil contempt.

Dated:_____

_____
Signature

_____
Printed Name

_____

_____
Address

_____
Employer(s)