IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO.: 1:15-cv-288

THE BILTMORE COMPANY, a )
Delaware corporation, )
    Plaintiff, )
 )
vs. )
 )
NU U, INC.; TOP 10 PROM, LLC )
d/b/a Merle Norman of Asheville, )
NC and Top 10 Prom; and top10, )
LLC d/b/a Merle Norman of )
Asheville, NC and Top 10 Prom, )
    Defendants. )

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

NOW COMES Plaintiff The Biltmore Company ("Biltmore") and submits this Memorandum of Law in support of its Motion to Compel Defendant to produce an un-redacted copy of its "Comprehensive Trademark Search Report" and any other communications on the topic of Nu's decision to use the BILTMORE BRIDE mark.

## STATEMENT OF FACTS

This is a trademark infringement action in which Biltmore seeks to permanently enjoin Defendant Nu, U, Inc. ("Nu") from making any use of the marks BILTMORE, BILTMORE BRIDE or BILTMORE BRIDE, PROM & TUX, an order requiring Nu to transfer www.biltmore bride.com and

1

www.biltmorebridal.com and any other URL's with "BILTMORE" to Biltmore, and an award of attorneys' fees for willful infringement under 15 U.S.C. § 1117(a). [Doc. 29 at p. 46]. Both parties have moved for summary judgment. [Docs. 61 and 63].

In Request No. 2 of its First Request for Production of Documents, Biltmore asked Nu to produce: "All documents evidencing, reflecting, discussing, or relating to the selection and adoption of the BILTMORE BRIDE mark by you, to include, without limitation, all investigations and analyses made by you or at your direction." Nu timely responded to this request and "objected to the extent it seeks production of documents or things that are protected from discovery by the attorney/client privilege, work-product doctrine, or other applicable privilege." Nu further stated that it would produce responsive documents.

On November 10, 2016, David Knapp of Nu testified in his deposition that he consulted with trademark attorney Josh Gerben before Nu began using the name BILTMORE BRIDE. [Ex. A, D. Knapp Depo., pp. 86-87]. He said he was uncertain whether he got a written opinion, but he was certain that he "had a verbal conversation with him in which he felt like I was okay prior to that." [Id.]. On or about December 1, 2016, Nu supplemented its document production with several documents, including a redacted "Comprehensive Trademark Search Report" from Mr. Gerben dated 6/16/15 (the "Gerben Letter"), a copy of which is attached as Ex. B. In its Memorandum of Law in Support of its Motion for Summary Judgment,

2

Nu stated that "[a]fter conducting research, including obtaining advice from a trademark attorney, Nu decided on the name BILTMORE BRIDE PROM & TUX." [Doc. 64 at pp. 2-3].

After reviewing this statement in Nu's Memorandum of Law, the undersigned requested that counsel for Nu produce an un-redacted copy of the Gerben Letter. Counsel for Nu has declined to produce an un-redacted copy, arguing that Nu has not waived the attorney/client privilege and that the Gerben Letter is not relevant because it "pertains to the issue of obtaining a federal registration on the mark BILTMORE BRIDE, PROM & TUX, not whether Nu can use the trademark." [ See Ex. C, copies of the emails between counsel].

## ARGUMENT

I. <u>The Gerben Letter is relevant to Biltmore's trademark infringement claims against Nu.</u>

Among the seven factors considered by the Court to determine whether a likelihood of confusion exists is the Defendant's intent. *Synergistic Int'l, LLC, v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006). When a newcomer to the market intentionally copies another's mark, a likelihood of confusion is presumed. *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 466 (4th Cir. 1996). "[S]uch evidence not only shifts the burden of persuasion, but acts as a presumption upon which judgment 'must issue' in the absence of rebutting proof." *Larsen v. Terk Tech. Corp.*, 151 F.3d 140, 148 (4th Cir. 1998). Obtaining competent evidence of

3

counsel may be used to rebut the presumption of likely confusion when a senior mark is copied. *See, e.g. New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp.2d 305, 339 (S.D.N.Y. 2010).

The Gerben Letter includes a spreadsheet of existing federal registrations using the name BILTMORE, which includes Biltmore's registered trademarks for jewelry and retail sales and other marks owned by Biltmore. The letter makes it clear that Nu was well aware of Biltmore's registrations before it began using the name BILTMORE BRIDE to sell both jewelry and other products. Indeed, according to Nu's attorney, the purpose of the Gerben Letter was to determine whether Nu could register the name BILTMORE BRIDE for use in its business.

Without knowing the substance of the advice in the Gerben Letter, Biltmore and the Court are left to speculate about his advice and what the Knapps' intentions were after receiving that advice. We know only that they were aware of the registrations and chose not to apply for trademark registration of BILTMORE BRIDE PROM & TUX. The substance of Mr. Gerben's advice goes to the heart of Nu's knowledge and intent with respect to its decision thereafter to use the name BILTMORE BRIDE to sell jewelry, watches, cosmetics, etc. As such, it is relevant to a key issue in this case.

II. <u>Nu has waived the attorney-client privilege with respect to the Gerben letter.</u>

By allowing David Knapp to testify in his deposition about Gerben's advice and then arguing in its summary judgment brief that it relied on Gerben's advice before using the name BILTMORE, Nu has waived the attorney-client privilege with respect to the contents of the Gerben Letter. "[W]hen a party reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter. Selective disclosure for tactical purposes waives the privilege." *U.S. v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (discussing *In re Sealed Case*, 676 F.2d 793 (D.C. Cir. 1982)). The Fourth Circuit has rejected the concept of limited waiver of the attorney-client privilege. *U.S. v. Cone*, 303 F.Supp. 2d 672, 679 (D. Md. 2003). "When a party raises an issue which can only be effectively rebutted by inquiry into an attorney-client communication, the advice of counsel is placed at issue and attorney-client privilege is typically deemed waived." *Id.* at 691.

Nu cannot argue to this Court and in deposition that it relied on the advice of attorney Josh Gerben in deciding to use the name Biltmore Bride and not share the contents of that advice because of the attorney-client privilege. Although counsel for Nu contends that the Gerben Letter pertained only to "the issue of obtaining a federal registration on the mark BILTMORE BRIDE, PROM & TUX, not whether Nu can use the trademark," Biltmore cannot evaluate that claim without seeing the contents of the Gerben Letter. Further, the legal standard for potential conflicts between marks during trademark registrations is the same "likelihood of

5

confusion" standard that governs trademark infringement. *See B&B Hardware, Inc. vs. Hargis Ind., Inc.*, 135 S. CT. 1293, 1306-1310 (2015 (discussing when USPTO registration holdings constitute preclusion in trademark litigation due to similarity of issues). If Gerben advised Nu to not pursue registration in light of Biltmore's federal registrations, then the contents of that letter would be probative that Nu was aware that its planned use of the Biltmore Bride name would infringe Biltmore's trademark rights.

For all of these reasons, Biltmore respectfully moves the Court to compel Nu to produce an unredacted version of the Gerben Letter and any other communications on the topic of Nu's decision to use of the BILTMORE BRIDE mark.

Respectfully submitted this the 27th day of January, 2017.

> s/Wyatt S. Stevens
> Wyatt S. Stevens
> State Bar No. 21056
> ROBERTS & STEVENS, P.A.
> 301 College St., Suite 400
> P.O. Box 7647
> Asheville, North Carolina 28802
> Attorneys for Plaintiff
> Telephone: (828) 258-6992
> wstevens@roberts-stevens.com
>
> Anthony J. Biller
> N.C. State Bar No. 24117
> COATS & BENNETT, PLLC
> 1400 Crescent Green, Suite 300
> Cary, North Carolina 27518

Telephone: (919) 854-1844
abiller@coatsandbennett.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of January 2017 a copy of the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** served upon opposing counsel via email addressed as follows:

Joseph Pinckney McGuire
Rebecca E. Crandall
McGuire, Wood & Bissette, P.A.
P. O. Box 3180
Asheville, NC 28802-3180
jmcguire@mwbavl.com
rcrandall@mwblawyers.com

Russell M. Racine
Cranfill Sumner & Harzog, LLP
2907 Providence Road, Suite 200
Charlotte, NC 28211
rracine@cshlaw.com

This the 27th day of January, 2017.

s/Wyatt S. Stevens

7

Case 1:15-cv-00288-MR   Document 68   Filed 01/27/17   Page 7 of 7