**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:15-cv-00288-MR**


| | | |
|---|---|---|
| **THE BILTMORE COMPANY,** | ) | |
| **a Delaware corporation,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **NU U, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |


**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel [Doc. 67].

The Plaintiff moves the Court to compel the Defendant to produce an un-redacted copy of a "Comprehensive Trademark Search Report" dated June 16, 2015 from attorney Josh Gerben and any other communications on the topic of the Defendant's decision to use the BILTMORE BRIDE mark. For grounds, the Plaintiff states that the requested documents are directly responsive to the Plaintiff's Request for Production of Documents and that the Defendant has waived the attorney-client privilege with respect to such documents.  [Doc. 67].

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel. <u>See</u> Fed. R. Civ. P. 37; <u>PCS Phosphate Co. v. Norfolk Southern Corp.</u>, 238 F.R.D. 555, 558 (E.D.N.C. 2006). Absent a specific order from the Court in the case management order, a party must generally move to compel a party to comply with a discovery request or to compel a deposition prior to the close of discovery, otherwise the motion is untimely. <u>See</u> <u>Days Inn Worldwide, Inc. v. Sonia Invs.</u>, 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); <u>Synovus Bank v. Karp</u>, Civil Case No. 1:10-cv-00172-MR, 2013 WL 4052625, at *1 (W.D.N.C. Aug. 12, 2013) (Reidinger, J.); <u>U.S. v. $28,720.00 in United States Currency</u>, No. 1:13-cv-00106-MR-DLH, 2014 WL 1570925, at *1 (W.D.N.C. Apr. 17, 2014) (Howell, Mag. J.); <u>Wellness Group, LLC v. King Bio, Inc.</u>, No. 1:12-cv-00281-MR-DLH, 2013 WL 5937722, at *1 (W.D.N.C. Nov. 4, 2013) (Howell, Mag. J.).

Discovery in this matter, with the exception of the taking of certain depositions, closed on December 1, 2016. [<u>See</u> Docs. 44, 51]. Summary Judgment motions were due on January 10, 2017. [Doc. 54]. The Plaintiff filed its Motion to Compel on January 27, 2017, well after the close of discovery and the filing of dispositive motions. The Case Management Plan

states that "[m]otions to compel must be filed within the discovery period or they may be deemed waived." [Doc. 20 at 6]. One of the reasons for this rule is that filing a motion to compel after the closing of the discovery period does not provide this Court with sufficient time to rule on the motion prior to addressing dispositive motions. Because the Plaintiff failed to file its Motion to Compel within the discovery period, the motion is untimely. Accordingly, the Plaintiff's Motion to Compel is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel [Doc. 67] is **DENIED**.

**IT IS SO ORDERED.**     Signed: January 30, 2017

Martin Reidinger
United States District Judge