# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00288-MR

| | |
|---|---|
| THE BILTMORE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| NU U, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal [Doc. 130].

The Plaintiff moves for leave to file under seal Exhibit A to the Haas Affidavit [Doc. 127-1], which was filed in support of its Motion for Attorney's Fees [Doc. 125]. This exhibit consists of the billing records and invoices of the Plaintiff's attorneys.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the

public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) if the sealing motion is granted, provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

The Plaintiff has demonstrated that the billing records contained in Exhibit A to the Haas Affidavit contain privileged information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. The Fourth Circuit has recognized that time records fall within the attorney-client privilege. See Chaudry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999) (quoting Clarke v. American Commerce Nat'l Bank, 974 F.2d

127, 129 (9th Cir. 1992) (noting that time records can "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law"). Additionally, the Court finds that the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed the present motion on June 9, 2017, and it has been accessible to the public through the Court's electronic case filing system since that time. Finally, having considered less drastic alternatives to sealing the time records, the Court concludes that the permanent sealing of these documents is narrowly tailored to serve the interest of protecting the confidentiality of the information contained therein.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 130] is **GRANTED**, and Exhibit A to the Haas Affidavit [Doc. 128] shall be filed permanently under seal.

**IT IS SO ORDERED.**

Signed: June 11, 2017

Martin Reidinger
United States District Judge