## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:15-cv-00288-MR

| | | |
|---|---|---|
| **THE BILTMORE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **NU U, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorneys' Fees [Doc. 125]; the Plaintiff's Bill of Costs [Doc.134]; and the Defendant's Motion for Clarification of Judgment and Order [Doc. 132].

## I.    PROCEDURAL BACKGROUND

The Plaintiff, The Biltmore Company (hereinafter "Plaintiff"), initiated this action on December 23, 2015, asserting federal claims for trademark infringement and cyberpiracy, as well as state law claims for unfair and deceptive trade practices, against the Defendant, Nu U, Inc. (hereinafter "Defendant"), for its alleged use of the Plaintiff's registered mark BILTMORE. [Doc. 1].

On April 5, 2016, with leave from this Court and the Defendant's consent, the Plaintiff filed an Amended Complaint presenting five counts

against the Defendant. [Doc. 29]. The Plaintiff alleged in its Amended Complaint that certain uses of BILTMORE by the Defendant infringed upon its federally registered trademarks in violation of 15 U.S.C. §§ 1114 and 1125(a). [Id. at ¶¶ 73-89, 120-34]. The Plaintiff also alleged that the Defendant's use of BILTMORE in connection with wedding related services, retail sales, and retail sales of branded merchandise constituted false designation of origin in violation of 15 U.S.C. § 1125(a). [Id. at ¶¶ 90-119]. The Plaintiff further alleged that the Defendant's use of domain names containing BILTMORE amounted to cybersquatting under 15 U.S.C. § 1125(d). [Id. at ¶¶ 135-39].

On April 26, 2016, the Defendant filed its Answer and Counterclaims, asserting various affirmative defenses and two counterclaims: (1) a claim for a declaratory judgment of non-infringement pursuant to 28 U.S.C. § 2201 et seq. and (2) a claim for unfair competition and unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1, et seq. ("Chapter 75"). [Doc. 7].

On March 4, 2016, a Case Management Plan was entered and the parties proceeded to engage in discovery. [Doc. 20]. On May 20, 2016, the Plaintiff filed a motion to dismiss the Defendant's counterclaims. [Doc. 35].

On December 30, 2016, the Court granted in part and denied in part Plaintiff's motion to dismiss. [Doc. 35]. In that decision, the Court dismissed Defendant's Chapter 75 counterclaim. [Id.].

On January 10, 2017, both parties filed motions for summary judgment. [Docs. 61, 63]. On January 27, 2017, the Plaintiff filed a motion to compel certain discovery from the Defendant, which the Court denied as untimely on January 30, 2017. [See Docs. 67, 74]. On March 24, 2017, the Court held a hearing and denied both motions for summary judgment. [See Minute Order dated March 24, 2017].

On May 15, 2017, the case proceeded to trial. [See Minute entry dated May 15, 2017]. Upon conclusion of the Plaintiff's evidence, both parties made oral motions for the entry of judgment as a matter of law, which were denied. [See Minute entry dated May 17, 2017]. Upon conclusion of the Defendant's evidence, both parties renewed their motions for the entry of judgment as a matter of law, which were denied. [See Minute entry dated May 18, 2017]. Following three days of evidence, the jury returned a verdict in favor of the Plaintiff on the issues of infringement and cybersquatting. [Doc. 123]. The jury further found that the Defendant's trademark infringement was

intentional, willful, or in bad faith. [Id.].[1] The Court entered a Judgment in accordance with the jury's verdict on May 25, 2017.  [Doc. 124].

Following entry of the Judgment, the Plaintiff filed a motion for attorneys' fees and costs pursuant to the Lanham Act. [Doc. 125, 134]. The Defendant, in turn, filed a motion for clarification of the Judgment entered May 25, 2017. [Doc. 132].[2] The Defendant also has filed a notice of change in circumstances related to its motion for clarification. [Doc. 146].   These matters have been fully briefed and are therefore ripe for disposition.

## II.    DISCUSSION

### A.    Plaintiff's Request for Attorneys' Fees under the Lanham Act

The Plaintiff moves the Court to find that this case is "extraordinary" and to award $531,034.42 in attorneys' fees under the Lanham Act. [Doc. 125].[3]  The Defendant opposes the Plaintiff's motion, arguing that this case is not "exceptional." [Doc. 133].  Alternatively, the Defendant argues that the Plaintiff's requested fees are excessive. [Id.].

---

[1] The Plaintiff did not seek an award of damages.

[2] On June 29, 2017, the Defendant filed a motion seeking leave to file a proposed surreply, which the Court denied on July 11, 2017. [See Docs. 140, 143].

[3] The Plaintiff's motion uses the term "extraordinary," while the Plaintiff's memorandum in support uses the term "exceptional." [See Docs. 125, 126].

Section 1117(a) of the Lanham Act authorizes a plaintiff in a trademark infringement case to recover reasonable attorneys' fees "in exceptional cases." 15 U.S.C. § 1117(a). The Court may find a case to be "exceptional" if it finds "in light of the totality of the circumstances, that (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence." Georgia-Pacific Consumer Prods. LP v. von Drehle Corp., 781 F.3d 710, 721 (4th Cir. 2015) (quoting in part Octane Fitness, LLC v. ICON Health & Fitness, Inc., -- U.S. --, 134 S. Ct. 1749, 1756 n.6 (2014)) (other internal citations and quotation marks omitted). A jury's finding of willfulness, without more, is not sufficient to support a finding that a case is "exceptional" within the meaning of § 1117(a). See Exclaim Mktg., LLC v. DirecTV, LLC, 674 F. App'x 250, 260 (4th Cir. 2016).

### 1. Frivolous or Objectively Unreasonable

"A finding that a claim is objectively unreasonable is to be based on 'an objective assessment of the merits of the challenged claims and defenses.'"

5

Exclaim Mktg., LLC v. DirecTV, LLC, No. 5:11-CV-684-FL, 2015 WL 5725703, at *7 (E.D.N.C. Sept. 30, 2015), aff'd in part, 674 F. App'x 250 (4th Cir. 2016) (quoting Old Reliable Wholesale, Inc. v. Cornell Corp., 635 F.3d 539, 544 (Fed. Cir. 2011) (internal quotations omitted)). Unless an argument or defense is "so unreasonable that no reasonable litigant could believe it would succeed," such argument or defense cannot be found to be objectively baseless for purposes of awarding attorney fees." Exclaim Mktg., 2015 WL 5725703, at *7 (citations omitted).

Upon careful consideration of the arguments, affirmative defenses and counterclaims asserted by the Defendant throughout the course of litigation, the Court cannot conclude that the Defendant's position was frivolous or objectively baseless. Notwithstanding the jury's verdict, this was a close case on the issue of infringement. Both parties filed motions for summary judgment on various claims and defenses prior to trial, and both motions were denied. The Court's denial of the Plaintiff's summary judgment motion strongly indicates that the defenses asserted by the Defendant were not frivolous or unreasonable. See, e.g., LendingTree, LLC v. Zillow, Inc., 54 F. Supp. 3d 444, 459 (W.D.N.C. 2014). For all of these reasons, the Court

cannot say that the Defendant was unreasonable in asserting that its use of the Plaintiff's mark did not constitute infringement.

## 2.    Unreasonable Manner of Litigation

A party's unreasonable litigation conduct may also warrant a finding that a case is "exceptional" so as to warrant an award of attorneys' fees. <u>See Octane Fitness</u>, 134 S. Ct. at 1757. "Typically, this prong is satisfied where the non-prevailing party engages in some form of egregious conduct," such as filing false declarations or attempting to re-litigate issues decided prior to trial. <u>Exclaim Mktg.</u>, 2015 WL 5725703 at *8.

In arguing that the Defendant's litigation conduct as a whole was unreasonable, the Plaintiff relies primarily on the Defendant's discovery conduct and assertion of counterclaims. [Doc. 137]. Specifically, Plaintiff contends that Defendant's broad discovery requests and refusal to produce an un-redacted copy of a report from Defendant's trademark attorney were unreasonable. [<u>Id.</u> at 5-6].

After careful consideration of the record as a whole, the Court cannot say that this case was litigated in an unreasonable manner. The Plaintiff never sought a protective order regarding the Defendant's discovery requests and the Defendant based its redactions of the report on the

assertion of attorney-client privilege.[4] Moreover, the Plaintiff's motion to compel production of an un-redacted version of the report was denied as untimely. [See Docs. 67, 74]. Further, although Defendant's Chapter 75 counterclaim was dismissed, its remaining counterclaim survived both a motion to dismiss and summary judgment. In addition, both parties vigorously and aggressively contested the issues in this case. For all of these reasons, the Court cannot say that the Defendant's litigation conduct was unreasonable.

### 3.  Compensation or Deterrence

Finally, the Court considers whether there is a need, based on the particular circumstances of this case, "to advance considerations of compensation and deterrence."  Octane Fitness, 134 S. Ct. at 1756 n.6 (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994)).

First, the Court addresses the issue of compensation.  While the jury found that the Defendant willfully infringed the Plaintiff's mark, the Plaintiff did not seek an award for damages and there was no evidence that the Plaintiff in fact suffered anything more than nominal harm as a result of the

---

[4] The Defendant did not assert an advice of counsel defense.

infringement. The Plaintiff also presented no evidence of actual confusion from any member of the purchasing public.

As for the consideration of deterrence, the Court previously found that the Defendant pursued reasonable -- albeit ultimately unsuccessful -- affirmative defenses to the Plaintiff's claim of infringement.  This was not a case where the Defendant persisted in litigation even though its defenses were clearly lacking.  See, e.g., Design Res., Inc. v. Leather Indus. of America, No. 1:10CV157, 2016 WL 5477611, at *7 (M.D.N.C. Sept. 29, 2016) ("This court recognizes the importance of deterring litigants from pursuing their claims even when the claim has fallen apart following discovery due to a lack of supporting evidence, reinforcing this court's decision to award attorney's fees.").  The Defendant proceeded with a defense that had a reasonable prospect for success before a jury.  The deterrence factor in this prong is not for the purpose of deterring the presentation of such reasonable defenses.  For all of these reasons, the Court cannot say there is a need to advance considerations of compensation and deterrence.

Considering all of these factors, the Court concludes that this case is not "exceptional" within the meaning of the Lanham Act, and therefore, the Plaintiff is not entitled to an award of attorneys' fees pursuant to § 1117(a).

## B. Plaintiff's Request for Costs

The Plaintiff seeks an award of costs in the amount of $14,366.50 pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. [Doc. 134]. The Defendant objects to the Plaintiff's request for costs and argues that the costs are not justified under the applicable factors. [Doc. 141]. The Defendant also argues that certain items in the claimed costs are not recoverable. [Id.]. Specifically, the Defendant objects to the Plaintiff's costs for real time services in trial, the exemplification fee related to Denis Knapp's deposition, the deposition transcript for Plaintiff's expert Chris Cavanaugh, the deposition transcript for Defendant's expert Frank McBride, and the copies of trial exhibits. [Id. at 5-7].

A prevailing party may move for an award of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, which provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The grant or denial of an award of

costs is a matter within the Court's discretion. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir.1999).

The Fourth Circuit has recognized that "the language of Rule 54(d)(1) gives rise to a presumption that costs are to be awarded to the prevailing party." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir.2011) (per curiam) (citation and internal quotation marks omitted). "Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Id. (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir.1994)).

When a court denies an award of costs, it must "articulat[e] some good reason" for doing so. Cherry, 186 F.3d at 446 (citations and internal quotation marks omitted). Essentially, the court must find that "there would be an element of injustice in a presumptive cost award." Id. Among the factors that the Court may consider in deciding whether to deny an award of costs are: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis, 434 F. App'x at 235 (citations and internal quotations omitted).

In arguing that the parties should bear their own cost, the Defendant relies primarily on the second and fifth Ellis factors. While the Defendant argues that this case has already caused financial hardship, it does not assert that it cannot actually bear the costs.[5] Further, while the Defendant is correct that the fifth Ellis factor weighs in its favor, that alone is insufficient in this case to overcome the presumption of awarding costs. White v. White, 893 F. Supp. 2d 755, 759 (E.D. Va. 2012) (awarding costs to the prevailing party where "the only factor that weighs against awarding costs is the closeness of the issues decided [and] all other factors weigh in favor of awarding costs").

For these reasons, and because no other factor weighs in Defendant's favor, the Court finds that the circumstances in this case are not sufficient to overcome the presumption of awarding costs to the Plaintiff. Thus, awarding costs to the Plaintiff is appropriate in this case.

The expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal;

---

[5] Rather, the Defendant states that awarding costs to Plaintiff would be "inequitable." [Doc. 141 at 3].

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. An "award of costs to the prevailing party is a matter firmly in the discretion of the trial court." <u>Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.</u>, 899 F.2d 291, 296 (4th Cir. 1990).

In awarding costs pursuant to section 1920, the Court is further guided by Local Civil Rule 54.1, which sets forth certain categories of costs that may or may not be awarded to a prevailing party. This Rule states, in pertinent part, as follows:

**(F) Taxable Costs.** Items normally taxed include, without limitation:

(1) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation) normally include only the reporter's

attendance fee and charge for the original transcript of the deposition;

(2) premiums on required bonds;

(3) actual mileage, subsistence, and attendance allowances for necessary witnesses at actual cost, but not to exceed the applicable statutory rates, whether they reside in or out of this district;

(4) one copy of the trial transcript for each party represented by separate counsel;

(5) costs associated with private process servers;

(6) fees for service of summons, subpoena, and notices by private firms; and

(7) costs of the original videotape of a deposition and the appearance fee of a videographer in lieu of the costs of a transcript of the deposition.

**(G) Nontaxable Costs.** Items normally not taxed include, without limitation:

(1) multiple copies of depositions;

(2) daily copy of trial transcripts, unless prior Court approval has been obtained;

(3) copies of documents filed electronically; and

(4) attorney fees and attorney travel expenses;

(5) costs of shipping/mailing transcripts;

(6) costs for computer aided legal research including paralegal charges and computerized indices or optical discs produced for the benefit of counsel;

(7) costs associated with mediation;

(8) copy costs for any documents filed or served in electronic format;

(9) *pro hac vice* fees;

(10) costs for extraction and/or electronic configuration of data (emails) for the convenience of counsel absent any agreement among the parties pertaining to these costs; and

(11) costs associated with condensing a transcript, putting transcripts on a diskette or providing E-transcripts in addition to counsel receiving the original transcript.

LCvR 54.1.

Here, the Plaintiff seeks some items which clearly fall outside the scope of recoverable costs, as shown by Local Civil Rule 54.1(G). The Court will, therefore, disallow the exemplification fee for videotape excerpts of Denise Knapp's deposition ($375.00). Section 1920 provides that the costs of an original deposition taken by the prevailing party are recoverable to the extent that those depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Under Local Rule 54.1(G)(1), multiple copies of depositions are generally not recoverable as taxable costs. The Fourth

Circuit has held that a party is not entitled to recover the costs associated with both transcribing and a videotaping a deposition, unless the party can demonstrate "that both costs were 'necessarily obtained for use in the case.'" Cherry, 186 F.3d 442, 449 (4th Cir.1999) (quoting 28 U.S.C. § 1920(2)). "The concept of necessity for use in the case connotes something more than convenience or duplication to ensure alternative methods for presenting materials at trial." Id. at 449. The Court finds that while there are circumstances in which both transcription and videotape excerpts may be necessary, the Plaintiff has failed to make an adequate showing that both the transcript and videotape excerpts were necessary in this case.

Likewise, the Court will disallow the Plaintiff's claimed cost for the real time services of the court reporter in trial ($3,082.80) because Plaintiff did not obtain prior Court approval as required by Local Civil Rule 54.1(G)(2).[6]

The Court, however, will allow the costs for the deposition transcript for Plaintiff's expert Chris Cavanaugh, the deposition transcript for Defendant's

---

[6] The Plaintiff argues that an e-mail from this Court's official court reporter represents this Court's pre-approval of real time transcript services. [Doc. 144 at 5]. The Plaintiff's argument is not well-taken. Foremost, the e-mail referred to by the Plaintiff is from the official court reporter of this Court, not this Court itself. [Doc. 145-2]. Nowhere in the court reporter's e-mail does it indicate this Court had pre-approved real time transcript services. Further, the court reporter's e-mail clearly conveyed that the real time transcript service was one of multiple options available to choose from and even informed the Plaintiff that costs could be shared with the Defendant. [Id.].

expert Frank McBride, and the copies of trial exhibits. While the Defendant argues that Mr. Cavanaugh did not testify at trial and was not required for Plaintiff's case, the Defendant moved for an extension of time to depose Plaintiff's experts, including Mr. Cavanaugh. [Doc. 49]. Moreover, Mr. McBride was hired by Defendant to rebut the opinions of Mr. Cavanaugh. Clearly, the taking of Mr. Cavanaugh's and Mr. McBride's depositions were reasonably necessary at the time of their taking and the costs should be awarded. LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987)("A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking.") (citation omitted). Further, the costs associated with making copies of the trial exhibits should be awarded. The Case Management Order required the parties to provide copies of the trial exhibits for the benefit of the Court and witnesses, in the event of any unforeseen electronic technical difficulties at trial. [Doc. 78 at 5].

Based on the facts set forth in the Plaintiff's Bill of Costs, the following claimed costs appear to be recoverable under § 1920 and Local Civil Rule 54.1. Having addressed the specific objections to the above costs by the Defendant, the following will be allowed:

| | |
|---|---|
| Filing fee paid to Clerk of Court | $ 400.00 |
| Denise Knapp deposition transcript | $ 1,283.50 |
| David Knapp deposition transcript | $ 262.50[7] |
| Frank McBride deposition transcript | $ 313.10 |
| Tim Rosebrock deposition transcript | $ 926.20 |
| Chris Cavanaugh deposition transcript | $ 1,734.00 |
| Bruce Whitaker deposition recording | $ 677.20 |
| Ellen Rickman transcript copy | $ 509.10 |
| 4/30/17 Copies of Trial Exhibits | $ 1,204.64 |
| 5/23/17 Copies of Trial Exhibits | $ 2,162.01 |
| Certified copy of US Trademark Registration | $ 30.00 |

**TOTAL COSTS**      <u>**$9,502.25**</u>

Accordingly, the Court will award the Plaintiff $9,502.25 in costs pursuant to 15 U.S.C. § 1117(a).

---

[7] The Plaintiff indicates, in its reply brief, that the fee for David Knapp's deposition transcript in the amount of $743.30 was inadvertently omitted from its Bill of Costs and that the fee reflected in the Bill of Costs is for making video excerpts of David Knapp's deposition. [Doc. 144 at 5-6]. The Plaintiff, however, did not file a supplemental Bill of Costs. Further, the Plaintiff has not shown why both transcript and videotape excerpts necessarily. Accordingly, the Court will only allow the fee associated with David Knapp's deposition as indicated in the Plaintiff's Bill of Costs.

**C.     Defendant's Motion for Clarification of Judgment and Order**

The Defendant moves for clarification of the Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Doc. 124]. The Plaintiff opposes the motion. [Doc. 135]. The Defendant has subsequently noticed that it no longer requires any additional time to transfer the domain name www.biltmorebride.com and believes it is now in full compliance with the Judgment. [Doc. 146]. The Defendant, however, has not indicated that it has withdrawn its motion for clarification.

The Fourth Circuit has recognized three grounds for altering or amending a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is considered an "extraordinary remedy" which the Fourth Circuit has cautioned should be used only "sparingly" in exceptional circumstances. Id. Such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. Ultimately, the decision to grant or deny a

Rule 59(e) motion is a matter within the Court's discretion. <u>See</u> <u>Robinson</u>, 599 F.3d at 407.

In its motion, the Defendant requests a specific timeframe to comply with the Judgment. The only relevant remaining task contained in Defendant's motion is the elimination of the Plaintiff's mark used in the printed edition of "The Knot" magazine. [Doc. 132 at 2]. The fall and winter 2017 print editions of "The Knot" cannot be changed post-Judgment, as those editions were issued pre-Judgment. However, the Defendant advises that it will not use the Plaintiff's mark in the upcoming spring and summer 2018 print editions of "The Knot." [<u>Id.</u>].

The Court concludes that the Defendant has failed to establish that altering or amending the Judgment is necessary to prevent manifest injustice. The Defendant believes it is in full compliance with the Judgment and has proposed the earliest possible time to eliminate the use of Plaintiff's mark from the printed edition of "The Knot." Accordingly, the Court in the exercise of its discretion declines to alter or amend the Judgment. Therefore, the Defendant's Motion for Clarification is denied.

# O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorneys' Fees [Doc. 125] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Objection to the Plaintiff's Bill of Cost [Doc. 141] is **SUSTAINED IN PART** and **OVERRULED IN PART**, and the Plaintiff's Bill of Cost [Doc.134] is **GRANTED** to the extent that the Plaintiff is hereby awarded $9,502.25 in costs.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Clarification of Judgment and Order [Doc. 132] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 22, 2018

Martin Reidinger
United States District Judge